IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE COLLAUTT and : | CIVIL ACTION |
| ALEXANDER COLLAUTT : | NO. 14-632 |
| : | |
| v. : | |
| : | |
| LIJIE LI and : | |
| LUJUN ZHANG : | |

O'NEILL, J.                                                                                                     December 11, 2014

# MEMORANDUM

Relevant here, plaintiffs Catherine and Alexander Collautt, the children of Allan Collautt, seek to challenge non-party decedent Allan Collautt's beneficiary designations on various life insurance policies. Dkt. No. 6 at ¶¶ 16, 27-29. Plaintiffs allege that following Allan Collautt's death the proceeds from Allan Collautt's life insurance policies were paid to defendant Lijie Li. Id. at ¶ 35. Allan Collautt revised his will and trust to bequeath his estate to Li on November 21, 2011. Id. at ¶ 25. On December 6, 8 and 11, 2011, Allan Collautt changed the named beneficiaries on his life insurance policies from Catherine Collautt and Alexander Collautt to Li. Id. at ¶¶ 27-29. Plaintiffs claim that the beneficiary designations were changed "subject to the undue influence of Li." Id. at ¶ 44; see also ¶ 54.

Li now seeks an order directing non-party Joseph E. Lastowka, Jr., who served as an attorney for Allan Collautt, but who is not the executor of his estate, Dkt. No. 16 at ECF p. 1-2, to comply with a subpoena seeking production of:

> 1. Any and all estate planning documents which [he] maintain[s] for Allan Collautt, in either paper or computer form, including but not limited to, correspondence to or from Allen Collautt, and/or relevant to Allen Collautt which was exchanged with another person, and drafts and signed estate planning documents, including but not limited to wills, trusts, powers of

-1-

>   attorney, both financial and healthcare, and living wills.
>
>   2.      Any and all documents in [his] possession regarding,
>   relating to or referring to Allen Collautt other than those referenced
>   in item 1 above.

Dkt. No. 14-1 at ECF p. 5. Li contends that "the information requested is vital to Defendant Li's defense of the beneficiary designation case because discussions concerning beneficiary designations on non-probate assets are an integral part of a client's estate plan and are routinely discussed with the attorney during the estate planning process. Dkt. No. 14 at ECF p. 4. She asserts that, relevant to plaintiffs' claim of undue influence, Lastowka is "uniquely qualified to reveal [his discussions with Allan Collautt regarding his beneficiary designations] and to tell [the parties] about Allan Collautt's mental abilities at that time." Dkt. No. 18 at ECF p. 18.

Li served the subpoena on Lastowka on April 25, 2014. Dkt. No. 14 at ECF p. 3. The subpoena required production of documents by May 25, 2014. Id. After several attempts to remind Lastowka of his obligation to comply with the subpoena, "[o]n July 18, 2014, almost 3 months after being served with the Subpoena, Attorney Lastowka forwarded an e-mail in which he asserted a privilege as the reason for his non-compliance with the Subpoena." Id. at ECF p. 3-4. Li contends that Lastowka's objection is waived because it was "over 2 months late." Id.

In his response to Li's motion to compel, Lastowka asserts that he "lacks the power to waive the expectation of confidentiality held by Allan Collautt, or Allan Collautt's executor, neither of whom are parties to this lawsuit nor persons given notice of this proceeding." Dkt. No. 16 at ECF p. 2. He seeks dismissal of Li's motion "unless [Li] produces a Waiver or Release from the executor of the Will of Allan Collautt, Deceased, authorizing Respondent Lastowka to allow production of documents and testimony at a deposition without concern for

the confidentiality implied by the attorney-client privilege."[1]  Id. at ECF p. 3.

Under Pennsylvania law, "[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client."  42 Pa. C.S. § 5928.  "[T]he attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice."  Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. 2011).  "[T]he general rule is that the attorney-client privilege continues after death."  Swidler & Berlin v. United States, 524 U.S. 399, 406 (1998).  As the Supreme Court has explained, "[k]nowing that communications will remain confidential even after death encourages the client to communicate fully and frankly with counsel" without concern about "reputation, civil liability, or possible harm to friends and family."  Id. at 407.  I find that Latowska has properly invoked the attorney-client privilege, and therefore the "the burden shifts to [Li as] the party seeking disclosure to show 'that disclosure will not violate the attorney-client privilege, e.g., because . . . some exception applies.'"  In re Flonase Antitrust Litig., 723 F. Supp. 2d 761, 765 (E.D. Pa. 2010), quoting Nationwide Mut. Ins. Co. v. Fleming, 924 A.2d 1259, 1266 (Pa. Super. Ct. 2007).

In Li's reply brief, she contends that disclosure of the requested discovery is permitted

---

[1]  In Li's memorandum in support of her motion to compel, it is asserted that

> [a]s of the writing of this Memorandum Law, undersigned counsel does not know what the position is of the Executor of the Estate concerning waiver of any privilege which might exist.  However, a letter is being sent to the Executor and hopefully at the time of argument his position can be stated to the Court.

Dkt. No. 18 at ECF p. 5.  To date, the Court has not received any update with respect to the status of Li's request for a privilege waiver from the executor of Allan Collautt's estate.

pursuant to a "testamentary exception" to the attorney-client privilege. In support of her argument, she cites the decision in In re Thevaos Estate, No. 14-09-0093, 2010 WL 1435160 (Pa. Ct. Comm. Pl. Centre Cnty. Feb. 8, 2010), where the court found that "a testamentary exception is proper in this case as well as in any case where a deceased holder of the attorney-client privilege is suspected of having been unduly influenced to change the planned disposition of his estate after his death." Id. at 487-88. The court explained that "any documentation related to the change in [the decedent's] estate near the end of his life and after suffering a series of medical setbacks can only go to show what [the decedent's] intent was, and whether he was able to clearly communicate what he desired for his estate." Id. at 488. The court thus ordered the subpoenaed law firm to produce the subpoenaed documents. As the Supreme Court explained in Glover v. Patten, 165 U.S. 394, 406 (1897),

> in a dispute between putative heirs or devisees under a will or trust, the attorney-client privilege does not bar admission of testimony and evidence regarding communication between the decedent and any attorneys involved in the creation of the instrument, provided that evidence or testimony tends to help clarify the donative intent of the decedent.

(emphasis added). The Supreme Court continued, "such communications might be privileged if offered by third persons to establish claims against an estate" but they were not privileged in the context of a "contest between the heirs or next of kin." Id.

Even if a testamentary exception to the attorney-client privilege exists under Pennsylvania law, I find that it would not here apply to exempt the information Li seeks to discover. There is an important distinction between the instant matter and Thevaos. In Thevaos, the information sought pertained to whether the decedent had "been unduly influenced to change the planned disposition of his estate." Id. Ultimately the information was relevant to a caveat filed in the probate of the decedent's will and, for that purpose, the attorney-client privilege did

not bar production of the information sought. Id. at 485. Here, in contrast, Li seeks information from Lastowka to defend against plaintiff's claims that Li and defendant Lujun Zhang deprived plaintiffs of the death benefits from Allan Collautt's life insurance policies. Dkt. No. 6 at ¶¶ 51, 61, 67. The materials she seeks are not relevant to a contest of Allan Collautt's will.

Pennsylvania law provides that "[t]he designation of beneficiaries of life insurance . . . shall not be considered testamentary and shall not be subject to any law governing the transfers of property by will." 20 Pa. Cons. Stat. § 6108(a); see also Manhattan Life Ins. Co. of N.Y., N.Y. v. Evanek, 762, F.2d 319, 322 (3d Cir. 1985) ("under current Pennsylvania law, the designation of a revocable life insurance beneficiary is neither an inter vivos nor a testamentary conveyance, vesting nothing in the beneficiary . . . ."); Equitable Life Assur. Soc. of U.S. v. Stitzel, 445 A.2d 523, 526 (Pa. Super. Ct. 1982) (finding that the designation of a revocable beneficiary in a life insurance policy is not a testamentary conveyance), superseded on other grounds by In re Estate of Hoffman, 54 A.3d 903 (Pa. Super. Ct. 2012). Writing in favor of affirmance in an evenly divided per curiam decision affirming a Pennsylvania Superior Court order which held that the beneficiaries of an insurance policy could not be changed by a will, Justice Saylor explained, "[t]o allow modification of non-testamentary contractual assets by testamentary documents blurs the timeless and very practical distinction between the two, notably set forth in 20 Pa. C. S. § 6108." Alkhafaji v. Tiaa-Cref Individual & Institutional Servs., LLC, 69 A.3d 219, 223 (Pa. 2013). He reasoned that "[p]arties to a contract must have the ability to rely on the terms of their contract, and should not have to speculate about testamentary clauses in documents of which they have no awareness." Id.

On this authority, I am not persuaded that, under the circumstances now before me, Li has met her burden to demonstrate that a testamentary exception to the attorney-client privilege

should apply to require Lastowka to provide the information she seeks to compel – information regarding testamentary documents that may be used not in a will contest, but as extrinsic evidence regarding Allan Collautt's mental state when he modified his life insurance beneficiary designations.  Accordingly, I will deny her motion.

      An appropriate Order follows.